## STEWART v GRANT et

Ohio Appeals, 9th Dist, Summit Co

No 2722. Decided March 1, 1937

Hutchison & Firestone, Akron, for plaintiff in error.

Rockwell, Grant, Doolittle, Thomas & Buckingham, Akron, for defendants in error.

## OPINION

By WASHBURN, J.

The action in the trial court was one instituted by Alnor K. Grant as the administratrix of the estate of Charles T. Grant, deceased; Joseph Thomas and Willard Rogers as administrators of the estate of Frank J. Rockwell, deceased; and Joseph Thomas and Lisle M. Buckingham as surviving partners, to recover for legal services claimed to have been rendered for the defendant below, James E. Stewart, by the law partnership of Rockwell, Grant, Thomas & Buckingham. Charles T. Grant, Frank J. Rockwell, Joseph Thomas and Lisle M. Buckingham had, prior to the decease of the first two named individuals, been partners, engaged in the practice of law in the city of Akron, Ohio.

It was claimed that during the lifetime of said Charles T. Grant and Frank J. Rockwell, and at a time when they were engaged in partnership with said Joseph Thomas and Lisle M. Buckingham, said partnership performed certain professional services of the fair and reasonable value of $514 for the defendant, for which services he refused to pay, and the petition prayed judgment against him for said amount.

Defendant, by answer, denied the employment of said partnership and the rendition of said services by said partnership.

Trial to a jury in the Court of Common Pleas resulted in a verdict and judgment in favor of the plaintiffs, and error is prose-

cuted to this court seeking a reversal of that judgment.

It is conceded that no proceedings were had by said surviving partners or by the personal representatives of said deceased partners under the provisions of §8085, et seq., GC, and that no receiver was appointed for said partnership.

The claim of the defendant (plaintiff in error here) is that the court committed error in rendering judgment against him, for the reason that said plaintiffs had no right to prosecute said action against him, —not having proceeded in Probate Court in accordance with said statutes.

The defendant did not demur to the petition, nor object to the introduction of any evidence under the petition. In attempting to raise the question which is urged in this court, he did nothing except to move, at the conclusion of the evidence on behalf of the plaintiffs, for a directed verdict in his favor, "because the facts are not sufficient to go to the jury, and second, that the cause of action stated in the petition is not sufficient to state a cause of action"; and when that motion was overruled, he proceeded with testimony in his behalf.

In support of his claim, the defendant cites the case of **Insurance Co. v Carnahan, 63 Oh St 258.**

We do not think that that case supports defendant's claim. Many questions were involved in that case, but the question involved in the instant case was not determined. In that case a suit had been begun in the name of a partnership before any of the partners died, and likewise, before any of the partners died they assigned all of their interest in the claim sued upon to a third person, and, after one of the partners had died, the trial court erroneously revived the action in the name of a surviving partner, who, at that time, **had no interest whatsoever in the claim.**

So far as the question involved in the instant case is concerned, that is all that was decided in said Carnahan case, and any language in the opinion or syllabus in reference to a surviving partner not having any interest in the partnership property after the death of one of the partners unless he purchases such interest through proceedings in the Probate Court under said statutes, is not binding on this court in the instant case.

At common law, a surviving partner who has not assigned or in any way parted with his interest in the property of a partnership, does not lose his interest therein by the death of a partner, and if no receiver of the partnership is appointed, such surviving partner continues to be an interested party within the meaning of §11241, GC, which requires an action to be prosecuted in the name of the real party in interest.

And likewise at common law, the assets of the partnership remain in the possession of the surviving partner for the purpose of winding up and settling the affairs of the partnership, and he holds the same in the nature of a trust for the personal representative of the deceased partner and the creditors of the firm; and where no receiver of the partnership is appointed, such surviving partner has a right to maintain an action to collect money due the partnership thus dissolved by death.

Said statutes provide a summary proceeding for the appoinment of a receiver of a partnership, but contain no language prohibiting the surviving partner, and the personal representative of a deceased partner, from agreeing to liquidate the assets of the partnership in a manner agreeable to them without proceeding under said statutes; and if that is done and no rights of creditors of the partnership are involved, there is nothing in the statutes which justifies the conclusion that the status of the surviving partner as an interested party in litigation involving the assets of the partnership is destroyed.

In this case, the fact that such personal representatives, the cestuis que trustent, joined with the surviving partners in the suit, was at most a mere misjoinder of parties plaintiff, a defect which was not raised by demurrer on the ground of misjoinder of parties plaintiff—either as a separate demurrer or as a part of the answer; and, inasmuch as the petition stated and the evidence tended to prove a cause of action at common law in favor of some of the plaintiffs (the surviving partners), the question of a misjoinder of parties plaintiff was not raised by the motion at the end of plaintiff's case to direct a verdict on the ground that the petition did not state facts sufficient to constitute a cause of action.

In the opinion in **Dayton v Bartlett, 38 Oh St 357,** at page 361, it is said that "The surviving partner was a trustee in possession of the assets of the partnership, **charged with the duty of collecting and**

converting them into money, paying debts, and, after a full settlement of the partnership concerns, distributing the surplus." (Emphasis ours).

At the time of the above opinion said statutes were in force, and had been in force for twenty years, and of course they had been in force for a much longer time when the Gerding case, hereinafter referred to, was decided.

That the Supreme Court in said Carnahan case did not intend to be understood as deciding that, in the absence of a compliance with said statutes, there was no one who could maintain an action upon a claim due to a partnership that had been dissolved by the death of one of the partners, is apparent from a later decision, which was concurred in by the judge writing the opinion in the Carnahan case, and in which latter decision this language was used.

"It is elementary that a surviving partner is entitled to the possession of all the assets of the partnership for the purpose of devoting them to the discharge of its liabilities."

Enck v Gerding, 67 Oh St 245, at p. 249.

We do not regard the case of Anderson v National Fire Ins Co., 22 Oh Ap 209, (4 Abs 210; 219) as in conflict with our conclusion herein. In that case said statutes were complied with and a receiver was appointed and of course when that is done such receiver represents the creditors of the partnership, the surviving partners, and the personal representatives of deceased partners, and as such he is the only real party in interest within the meaning of §11241, GC.

Complaint is also made that the court erred in the admission and rejection of evidence, to which the defendant objected and excepted, and also in the charge to the jury.

We have examined both of said claims of error and we find no prejudicial error in said respects.

The judgment of the trial court will therefore be affirmed.

STEVENS, PJ, and DOYLE, J, concur in judgment.